**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4185**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

KHALEEL ALI HILLIARD,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00156-NCT-1)

_____

Submitted:  September 29, 2011      Decided:  October 4, 2011

_____

Before KING, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

George E. Crump, III, Rockingham, North Carolina, for Appellant. John Stuart Bruce, OFFICE OF THE UNITED STATES ATTORNEY, William Miller Gilmore, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khaleel Ali Hilliard was convicted following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). The district court sentenced Hilliard to 188 months of imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether the district court improperly sentenced him as a career offender when one of the predicate convictions was not punishable by imprisonment for a term exceeding one year under North Carolina law. In light of United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we vacate the sentence and remand, but affirm Hilliard's conviction.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. Procedural reasonableness is determined by reviewing whether the district court properly calculated the defendant's advisory Guidelines range and then considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the

2

case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, this court reviews the substantive reasonableness of the sentence, "examining the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010), cert. denied, 131 S. Ct. 3078 (2011).

Hilliard challenges the district court's designation of him as a career offender on the ground that the court erred in finding that a prior North Carolina conviction for possession with intent to sell and deliver cocaine counted as a conviction with a sentence greater than one year for career offender purposes.[*] Hilliard received a six to eight month sentence for the offense. Section 4B1.1 of the Sentencing Guidelines defines a career offender as a defendant who (1) was at least eighteen years old when he committed the instant offense, (2) is convicted of a felony "that is either a crime of violence or a controlled substance offense," and (3) "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). This court reviews de novo the district court's classification of Hilliard as a career offender and reviews for

_____

[*] Hilliard concedes that he has one qualifying felony of felony assault on a police officer, but argues that none of his remaining convictions qualify as a felony.

3

clear error its factual findings.  United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008).

When Hilliard raised this argument in the district court, it was foreclosed by this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005).  Subsequently, however, this court overruled Harp with the en banc decision in Simmons, in which the court determined that the evaluation of whether a particular offense was a felony must focus on the maximum sentence for which a particular defendant was eligible, in light of his criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record.  Simmons, 2011 WL 3607266 at *6.

In light of the decision in Simmons, we conclude that Hilliard's argument has merit.  We therefore vacate the district court's sentence and remand the case to the district court for resentencing.  Further, because the record on appeal does not address Hilliard's prior state record level or whether the state sentencing court made findings of aggravating or mitigating circumstances, we do not express an opinion on whether the convictions qualify as career offender predicates and leave that determination for the district court on remand.  We deny Hilliard's counsel's motion to withdraw as counsel.

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal. We therefore affirm Hilliard's conviction, however vacate the

4

sentence, and remand for resentencing.  This court requires that counsel inform Hilliard, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hilliard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hilliard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED